| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:10-CR-242 |
| | § | |
| PERLA YASMINE RODRIGUEZ (9) | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On July 10, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that the Defendant's Motion to Withdraw Guilty Plea (Dkt. #323) should be denied. On July 19, 2014, Defendant filed objections (Dkt. #340).

The Court must first point out that defense counsel, despite his sometimes caustic rhetoric, ignores several facts about this case. Defendant has always admitted that she was involved in a drug conspiracy, but only asserts that the drug involved was marijuana and not methamphetamine. The fact that the drug turned out to be methamphetamine, rather than the drug she thought she was transporting, is immaterial.

Defendant first objects that the Magistrate Judge made a factual error in finding that Mr. Hill's conclusion about the case was consistent with Ms. Cate's. Defendant asserts that this is not true, because Ms. Cate concluded that there was nothing linking Defendant to methamphetamine and that she was pursuing a plea to marijuana. This is not error, and Defendant simply misses the point: both Ms. Cate and Mr. Hill were pursuing a plea to a drug conspiracy.

Defendant next asserts that the Magistrate Judge "white washes the facts to the point they are no longer recognizable and might even make a prosecutor uneasy in asserting facts as true and

correct." Defendant fails to make any additional specific objections to the factual findings of the Magistrate Judge. The general objection is overruled.

Defendant next objects that the Magistrate Judge makes a distinction between "close assistance of counsel" and the Sixth Amendment right to "effective assistance of counsel." Defendant asserts that the Fifth Circuit has created a legal fiction with regard to "close assistance of counsel." Defendant asserts that the Magistrate Judge "diligently followed" the legal fiction, which Defendant argues was based upon the Fifth Circuit's misunderstanding of the root of the fiction. The Court would note that Defendant never asserted this argument before the Magistrate Judge, and cannot raise new arguments in her objections. However, the Magistrate Judge followed the Fifth Circuit law in *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). In considering whether to allow a defendant to withdraw a plea, the Fifth Circuit requires that the Court conduct a *Carr* analysis. The Magistrate Judge did the proper analysis and considered whether Defendant received close assistance of counsel, and made no findings regarding ineffective assistance of counsel. The Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and is not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.* Even if Defendant had not waived this issue, the Court has followed binding precedent from the Fifth Circuit.[1]

Defendant also argues that the Magistrate Judge should have applied the *Strickland v. Washington*, 466 U.S. 668 (1984) standard to this case. The Magistrate Judge pointed out that

---

[1] Defendant asserts that "close assistance of counsel" does not comport with other decisions from the Fifth Circuit, citing *United States v. Curtis*, 753 F.3d 562 (5th Cir. 2014), *withdrawn and superseded on denial of rehearing en banc*, No. 12-30819, 2014 WL 3444947 (5th Cir. Jul 15, 2014). Reliance upon this case is misplaced because the issue involved a habeas petition rather than an attempt to withdraw a guilty plea.

2

Defendant did not provide any detailed argument in regard to *Strickland* other than to reassert the same grounds given under Defendant's *Carr* analysis. The Magistrate Judge made no finding whether there was ineffective assistance of counsel.

The Magistrate Judge correctly applied the *Carr* factors and found that there was not a basis for allowing Defendant to withdraw her plea. Although the Magistrate Judge did not approve of Mr. Hill's conduct, it was correctly determined that Defendant did have close assistance of counsel. Even if the Court were to find that Defendant did not have close assistance of counsel, the Court finds that applying the *Carr* factors to this case, the Court would not allow Defendant to withdraw her plea.

Even if the Court applied the *Strickland* standard to this case, the result would not change. On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight; rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Trial counsel's strategic choices are virtually unchallengeable after a thorough investigation into the law and relevant facts are made. *Strickland*, 466 U.S. at 690. A determination of ineffectiveness depends on whether a motion or objection would have been granted or sustained had it been made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

The following recent cases decided by the United States Supreme Court concern ineffective assistance of counsel during the plea process: *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376, 182 L. Ed.2d 398 (2012), and *Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399, 182 L. Ed.2d 379 (2012).[2] In

---

[2] The Fifth Circuit declined to extend the holdings of these two cases on other grounds in *United States v. Hemphill*, 748 F.3d 666 (5th Cir. 2014).

the context of pleas, a defendant must show that the outcome of the process would have been different with competent advice. *Frye*, 132 S. Ct. at 1388-89.

Applying the holding from *Lafler*, Defendant has failed to show that counsel advised her to decline a plea bargain offer, followed by a trial and conviction, resulting in a more severe sentence than the one offered during plea bargaining. *Lafler*, 132 S. Ct. 1376. Likewise, Defendant also has not shown that counsel failed to communicate a plea offer more favorable than one later accepted. *Frye*, 132 S. Ct. 1399. Defendant has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

The record reflects that Defendant has never asserted that she was not involved in a drug conspiracy. Instead, Defendant has stated that she thought she was participating in a marijuana drug conspiracy. The fact that she later found out that the drug she was transporting was methamphetamine does not support a claim for ineffective assistance of counsel. Defendant simply has not shown that any of her attorneys were ineffective. The Court views this as a case of buyer's remorse. She pleaded to the indictment, and only after receiving her presentence report was Defendant unhappy with her range of punishment. The Court agrees with the Magistrate Judge that under Fifth Circuit precedent, either under the *Carr* factors or under *Strickland*, Defendant has not presented a basis to allow her to withdraw her plea.

The Court, having made a *de novo* review of Defendant's objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is accordingly

**ORDERED** that the Defendant's Motion to Withdraw Guilty Plea (Dkt. #323) is **DENIED.**

SIGNED at Beaumont, Texas, this 20th day of August, 2014.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE